UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD JONES TRUST COMPANY AND EDWARD D. JONES & CO., L.P., <br><br>Plaintiff, <br><br>v. <br><br>CABRINI KNAPP AND MINNESOTA DEPARTMENT OF REVENUE, <br><br>Defendant. | Civil No. 22-728 (JRT/TNL) <br><br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO TRANSFER AND MOTION TO DISMISS** |

Michael J. Steinlage, **LARSON KING, LLP**, 30 East Seventh Street, Suite 2800, Saint Paul, MN 55101, for plaintiffs.

DeWayne A. Johnston, **JOHNSTON LAW OFFICE**, 221 South Fourth Street, Grand Forks, ND 58201, for defendant Cabrini Knapp.

Kristine K. Nogosek, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for defendant Minnesota Department of Revenue.

Plaintiffs Edward D. Jones & Co., L.P. and Edward Jones Trust Company (collectively "Edward Jones") initiated an interpleader action in the District Court of the State of Minnesota, Ramsey County, because Edward Jones is unable to determine whether Defendant Cabrini Knapp or Defendant Minnesota Department of Revenue ("DOR") is entitled to $65,843.80 that DOR levied against Knapp's deceased husband's Individual Retirement Accounts ("IRA"). Knapp, a resident of North Dakota, removed this action from state court alleging that this Court has diversity jurisdiction and thereafter

moved to transfer to the District of North Dakota or to dismiss the action. DOR subsequently moved to remand this action to the Ramsey County District Court, and Edwards Jones later joined DOR's request. Because the amount in controversy is not greater than $75,000, this Court does not have subject matter jurisdiction and must remand this action to state court. Accordingly, the Court will grant DOR's and Edward Jones' motion to remand and deny Knapp's motion to transfer and motion to dismiss as moot.

## BACKGROUND

In August of 2016, DOR issued an order assessing Knapp's now-deceased husband, David Knapp, personally liable for Minnesota sales and use tax owed by a sports bar David Knapp owned and operated in Bemidji, Minnesota. (Aff. Kelly Hagberg ("Hagberg Aff.") ¶ 3, Apr. 4, 2022, Docket No. 8.) David Knapp did not appeal or otherwise contest the assessment, and DOR issued a levy in the amount of $65,843.80 on his IRA accounts with Edward Jones to collect the debt in December 2016. (*Id*. ¶¶ 4-6.)

Before Edward Jones could act on the levy, David Knapp filed a petition to dissolve the levy and for a writ of prohibition in North Dakota state court against Edward Jones and DOR. (Notice of Removal, Ex. A ("Compl.") at 5, Mar. 22, 2022, Docket No. 1-1.)[1] The North Dakota district court dismissed the action, finding it had no jurisdiction over the

---

[1] For clarity, page numbers for all filings refer to CM/ECF pagination unless otherwise noted.

DOR Commissioner Revenue and David Knapp had not exhausted his remedies in Minnesota. *Knapp v. Commissioner of Minn. Dep't of Rev.*, 918 N.W.2d 387, 389 (N.D. 2018). Knapp appealed the decision to the Supreme Court of North Dakota, which affirmed the ruling after finding that Knapp "ha[d] not pursued those available legal remedies in Minnesota." *Id.* at 390.

Thereafter, David Knapp initiated an additional action in North Dakota state court in December 2018 which continued until David Knapp died in May of 2021. (Decl. Michael J. Steinlage, Ex. A at 2, Apr. 18, 2022, Docket No. 15-1.) Knapp attempted to substitute herself as a successor plaintiff in that action as the beneficiary of the funds held in accounts by Edward Jones, but the North Dakota state court denied her motion and dismissed David Knapp's complaint with prejudice. (*Id*. at 4-6.)

On March 11, 2022, Edward Jones filed this interpleader action in Ramsey County against Knapp and DOR because it is unable to determine who is entitled to the levied upon funds. (Compl. at 4.) On March 22, 2022, Knapp removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. (Notice of Removal, Mar. 22, 2022, Docket No. 1.) Knapp subsequently filed the instant motion on March 28, 2022, requesting the Court transfer or dismiss this action or grant Knapp judgment on the pleadings. (1st Mot. Dismiss, 1st Mot. J. Pleadings, 1st Mot. Transfer, Mar. 28, 2022, Docket

No. 3).² On April 4, 2022, DOR moved to remand this matter. (Mot. Remand, Apr. 4, 2022, Docket No. 6). Edward Jones moved to join DOR's motion on April 18. (Mot. Joinder, Apr. 18, 2022, Docket No. 16.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**³

Where a case has been removed to federal court from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A party seeking to remove a case to federal court bears the burden of demonstrating that the action was properly removed and that federal subject matter jurisdiction exists for the action. *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993). When reviewing a motion for remand, the district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.*

---

² Although Knapp's motion is entitled as alternative first motions to dismiss, for judgment on the pleadings, and to transfer, Knapp has not proffered arguments in favor of a motion for judgment on the pleadings. (1st Mot. Dismiss, 1st Mot. J. Pleadings, 1st Mot. Transfer.) Accordingly, the Court substantively treats Knapp's motion solely as an alternative motion to either dismiss or transfer.

³ Knapp contends that the DOR's motion to remand "must follow the disposition of Knapp's pending alternative motion pursuant to Rule 12 of the Rules of Federal Procedure as Knapp will have the opportunity to answer the complaint and assert Federal Rules of Civil Procedure Rule 13 and/or 14 claims." (Def. Knapp's Mem. Opp. Remand at 3-4, Apr. 25, 2022, Docket No. 17.) However, "[b]ecause the Motion to Remand raises a jurisdictional question, the Court must deal with it first." *Miller v. Starkey Labs., Inc*., 299 F.Supp.3d 1046, 1050 (D. Minn. 2018).

A federal court may have subject-matter jurisdiction either because it has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 103 F. Supp. 3d 1000, 1008 (D. Minn. 2015).  Federal question jurisdiction exists either when "federal law creates the cause of action" or if "relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).  Diversity jurisdiction requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

**II.    ANALYSIS**

As the removing defendant, it is Knapp's burden to prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount.  *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Despite bearing the burden of establishing jurisdiction, Knapp neither specified a numerical value of the amount at issue nor set forth sufficient facts to establish such an amount in her notice of removal.  Irrespective of Knapp's failure to establish the amount-in-controversy, Edward Jones attached a copy of the levy at issue—in the amount of

-5-

$65,843.80—when it initiated this action in state court. (Notice of Removal, Ex. 1.) Thus, the jurisdictional amount appears to be facially apparent from the complaint.

Contrary to the complaint, Knapp now contends that the amount-in-controversy exceeds $75,000 because Edwards Jones' complaint identifies three IRAs worth a total value of roughly $360,000. Additionally, Knapp asserts that the taxes and fees associated with liquidating an IRA to satisfy the levy, in addition to the levied amount, will exceed $75,000.

Knapp's arguments are not persuasive. "The amount in controversy is measured by the value to the plaintiff of the right sought to be enforced" and this value is assessed at the time of filing the action. *American Family Ins. Co. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019). Here, the levy is for the stated amount of $65,843.80 and the most the Court could award DOR from the IRAs is $65,843.80. The fact that Edward Jones identified accounts totaling over $300,000 does not alter the amount DOR would be entitled to via the levy. Moreover, Knapp's argument that the taxes and fees associated with liquidating the IRAs to satisfy the levy will make the overall cost greater than $75,000 is prohibited by § 1332(a) which expressly excludes costs and interest from the amount-in-controversy.

Accordingly, there are no facts from which this Court can find that the amount-in-controversy is sufficiently met and Knapp has failed to meet her burden of establishing

jurisdiction. Therefore, the Court will grant DOR's and Edward's motion to remand and will deny Knapp's motion to alternatively transfer or dismiss as moot.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Minnesota Department of Revenue's Motion to Remand [Docket No. 6] and Plaintiffs Edward D. Jones & Co., L.P.'s and Edward Jones Trust Company's Motion for Joinder in Motion to Remand [Docket No. 16] is **GRANTED**.

    a. This case is transferred to the Ramsey County District Court for further proceedings.

2. Defendant Cabrini Knapp's Motion to Dismiss [Docket No. 3] is **DENIED**.

DATED: September 26, 2022  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge